IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILMA D. AUTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 0608 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | Magistrate Judge Susan E. Cox |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Wilma Autman ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff disability insurance benefits or supplemental security income under Title II ("DIB") and Title XVI ("SSI") of the Social Security Act. The Court grants the Plaintiff's motion for summary judgment (Dkt. 29),[1] and denies the Commissioner's motion for summary judgment (Dkt. 30). The court reverses the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

## BACKGROUND

**I. Procedural History**

On April 8, 2011, Plaintiff filed an application for DIB and SSI, alleging an onset date of September 26, 2009, which was later amended to April 22, 2011. (R. at 137, 521.) She was forty-nine years old at the time of her application. (R. at 137.) After a hearing before an ALJ in June 2012, the ALJ issued an opinion denying Plaintiff's claim for benefits on August 29, 2012. (R. 100-115) The Appeals council denied review of Plaintiff's claim making the ALJ's decision the

---

[1] The Court construes Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security as a motion for summary judgment.

1

final decision of the Commissioner. (R. at 92-97.) Plaintiff then filed a civil action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). In April 2014, this court issued an order remanding Plaintiff's case for a new hearing. (R. at 478.)

Plaintiff's second hearing in front of ALJ Spalo ("ALJ") occurred on October 16, 2014. (R. at 52.) The ALJ denied granting SSI and DIB to Plaintiff. (R. at 23-45.) The ALJ's opinion found, *inter alia*, that: 1) Plaintiff met the insured status requirements of the Social Security Act through June 30, 2015; 2) Plaintiff had not engaged in substantial gainful activity since April 22, 2011; 3) Plaintiff's severe impairments were lumbago, obesity, asthma, diabetes mellitus, and plantar fasciitis of the right foot; 4) Plaintiff's impairments do not meet, either individually or in combination, the severity requirements of the listing in 20 CFR Part 404, Subpart P, Appendix 1; 5) Plaintiff had the residual functional capacity ("RFC") to perform light work, with several restrictions; and 6) Plaintiff could perform her past relevant work as a supervisor and recreation aide. (R. at 26-40.) Plaintiff again requested review of the second ALJ's opinion, which was also denied, making ALJ Spalo's decision the final decision of the Commissioner. (R. at 1-3.) Plaintiff then filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

## II.  Medial Evidence

In October of 2009 Plaintiff saw Dr. Caneva, a podiatrist, after a recent trip to the emergency room for pain in her right foot. (R. at 334.) Dr. Caneva diagnosed Plaintiff with plantar fasciitis and a bunion. (R. at 333.) Dr. Caneva took an x-ray of Plaintiff's foot, which revealed the ankle was intact and there was no fracture in the foot. (*Id.*) Dr. Caneva prescribed a treatment plan to Plaintiff and continued to see her through 2012 for her plantar fasciitis. (R.at 332-334.)

In May 2011, Plaintiff visited the Will County Community Health Center self-reporting heaviness in her legs, numbness in part of her foot and headaches. (R. at357.) In a later visit to Will County in the same month, Plaintiff also reported foot and back pain, bilateral leg pain, migraines, and five slipped disks. (R. at 356.) The five slipped disks are not confirmed in any medical report contained within the record.

In April 2011, Plaintiff saw Dr. Singh for the first time, where he diagnosed her with unspecific hypertension, diabetes mellitus, and mixed hyperlipidemia. (R. at 409.) Plaintiff treated with Dr. Singh through 2014, and he diagnosed her with impaired glucose, malaise, fatigue, plantar fasciitis. (R. at 406, 658.) During this time, Dr. Singh also noted that Plaintiff's gait was within normal limits and that no motor sensory loss was appreciated. (R. at 658.) Dr. Singh also noted that plaintiff had normal range of motion in the spine. (R. at 407.)

In June 2011, Plaintiff received a consultative examination from Dr. Simon. (R. 377) Dr. Simon diagnosed Plaintiff with intermittent lower back pain, chronic right foot pain post surgery, and asthma. (R. at 380.) Dr. Simon also noted that Plaintiff's sensory exam to touch was satisfactory. (R. at 381.) Dr. Simon further noted that the Plaintiff's gait was normal and she was able to walk fifty feet without support. (*Id.*) Also in June 2011, Plaintiff received a venous duplex ultrasound which revealed no evidence of deep venous thrombosis. (R. at 365.) A further study revealed no significant arterial occlusive disease.

On June 1, 2012, at the behest of the ALJ in anticipation of Plaintiff's first hearing, Dr. Sai Nimmagadda provided an opinion as a medical expert. Dr. Nimmagadda did not examine Plaintiff, but upon review of the records available to him at the time of the opinion, he determined that Plaintiff could sit for 2 hours, walk for thirty minutes and stand for one hour. (R. at 396.) He further opined that Plaintiff could sit, stand, and walk for up to six hours in an eight-

3

hour work day. (*Id.*) Dr. Nimmagadda said Plaintiff could use her hands for all activity, her feet to operate foot controls, and have exposure to all environmental factors. (R.396-98)

In 2013, Plaintiff went to Silver Cross emergency room twice in one week, both times related to a headache; a CT scan was done and indicated mild mucosal thickening in her sinuses. (R. at 815, 888-90.) In April 2014, Plaintiff went to St. Joseph emergency room for back pain radiating down to her legs. (R. at 896.) An MRI and CT scan were completed and Plaintiff was diagnosed with multilevel degenerative joint disease with stenosis and intractable back pain. (R. at 906-10.) When medication failed to improve Plaintiff's pain, she was admitted to the hospital. (R. at 897.) Plaintiff was admitted to the hospital on April 2, 2014, and was discharged on April 4, 2014; her diagnosis at the time of discharge included multilevel degenerative joint disease with stenosis and "intractable back pain." (R. at 906.)

Plaintiff returned to the emergency room within the same month for persisting back pain. (R. at 912. ) After examination, Plaintiff was diagnosed with chronic back pain and increased radicular pain. (R. at 916.) Once again, Plaintiff's condition did not improve, and she was admitted to the hospital. While in the hospital, she was treated by Dr. Maen Martini, a pain specialist, who recommended an epidural steroid injection and facet block injections to alleviate the radiating pain, tingling, and numbness that Plaintiff reported; Plaintiff received an epidural steroid injection the following day. (R. at 916, 919.) Plaintiff was admitted to the hospital on April 30, 2014, and discharged on May 3, 2014. (R. at 912-923.) Plaintiff again returned to the emergency room for back pain in August of the same year. (R. at 930.) Doctors noted mild paraspinal tenderness. (R. at 931.)

Following her first stay in the hospital, Plaintiff followed up with Dr. Corrine Nawrocki, who diagnosed Plaintiff with lumbago and prescribed physical therapy. (R. at 660.) Plaintiff

4

treated with physical therapy for several months. Her condition fluctuated during this time, occasionally reporting improvement in her symptoms (R. at 861), and often reporting difficulty tolerating her treatment. (R, at 851, 878.)

In May 2014, Plaintiff saw Dr. Grandowski for radiating lower back pain. (R. at 876.) Dr. Grandowski's exam revealed hyper-reflexivity and increased tenderness in the right sacroiliac joint and recommended Plaintiff continue with physical therapy and receive a facet injection. (*Id.*) In October 2014, Plaintiff followed up with Dr. Martini for radiating lower back pain. (R. at 935.) Dr. Martini diagnosed Plaintiff with lumbar disc disease, lumbar radiculopathy, arthritis, lumbar/lumbosacral spondylosis, lumbago, and chronic pain syndrome. (R. at 938.) Dr. Martini gave Plaintiff a lumbar facet injection and pain medication. (*Id.*) In January 2015, Plaintiff received bilateral dorsal medial branch blocks and radiofrequency ablation. (R. at 947, 958.)

## **STANDARD OF REVIEW**

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, if it is supported by substantial evidence, and if it is free of legal error. 20 C.F.R. §§ 404.1520(a) and 416.920(a); 42 U.S.C. § 450(g). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). Even when there is adequate evidence in the record to support the decision, however, the finding will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of issues, it cannot stand. *Villano v. Astrue,* 556 F.3d.

558, 562 (7th Cir. 2009). An ALJ "must minimally articulate his reasons for crediting or disregarding evidence of disability." *Clifford v. Apfel,* 227 F.3d. 863, 869 (7th Cir. 2000). The court conducts a "critical review of the evidence" and will not uphold the ALJ's decision when "it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford*, 227 F.3d at 869)). The Court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making dependent credibility determination." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008)

## DISCUSSION

**I.     The ALJ Improperly Relied on Dr. Nimmagadda's Opinion.**

In forming his opinion, the ALJ gave "significant weight" to Dr. Nimmagadda's opinion that Plaintiff could sit, stand, and/or walk for six hours in an eight-hour work day. When an ALJ relies on an opinion that does not include a review of the Plaintiff's entire medical record, especially the most recent medical evidence, the ALJ has not properly submitted that new evidence to "medical scrutiny" by having a doctor provide an opinion based on that evidence. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("Most important, [the consulting physicians] had not been shown the report of the 2010 MRI. Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence.") By doing so, the ALJ risks "playing doctor" by attempting to interpret the medical evidence without the opinion of a qualified medical professional. *See id.*

Dr. Nimmagadda's opinion was rendered on June 1, 2012. (R. at 400.) As discussed above, much of the Plaintiff's treatment occurred after this date. This treatment included two multi-day inpatient hospitalizations for back pain, several months of physical therapy, diagnostic

tests (such as MRIs and CT scans), treatment with a pain specialist, that epidural steroid and facet injections, and several years' worth of visits with Plaintiff's other physicians.

In his opinion, the ALJ only considered Dr. Nimmagadda's inability to review Dr. Caneva's June 1, 2012 examination of the Plaintiff, which contained "significant clinical findings in connection with claimant's right foot and ankle." (R. at 36.) The ALJ discounted Dr. Caneva's findings and relied on Dr. Nimmagadda's opinion because "Dr. Nimmagadda's opinion is more consistent with the record as a whole." (*Id.*) Even if this Court were to hold that the ALJ was correct on this point, it ignores the fact that Dr. Nimmagadda's opinion fails to take into account *any* treatment that Plaintiff received between his June 1, 2012 opinion and the Plaintiff's hearing before the ALJ on October 16, 2014. When discussing the state consultative physicians' opinions, the ALJ discounted Plaintiff's most recent medical records, by contending that "[e]vidence received after the consultants formed their opinions indicates that claimant does not have severe impairments." (R. at 36.) It is unclear whether the ALJ believed that this reasoning applied equally to Dr. Nimmagadda's opinion, but from what the Court can surmise that appears to be the case. Dr. Nimmagadda had issued his opinion at the request of the ALJ prior to Plaintiff's first hearing in June 2012. Despite the fact that this Court remanded the case to the ALJ for further review, and that Plaintiff had received significant additional treatment, the ALJ did not engage Dr. Nimmagadda (or any other physician) to provide a second medical opinion on the updated records. In fact, the ALJ's second opinion appears to copy and paste large swaths of his analysis of Dr. Nammagadda's opinion from his first opinion, which this Court reversed. Instead of seeking an updated medical expert opinion, the ALJ reached his conclusion that the new evidence did not show severe impairments apparently of his own accord, which is the type of activity that the Seventh Circuit has warned against on numerous occasions.

7

*See, e.g.*, *Goins*, 764 F.3d at 680.  It was improper for the ALJ to rely on Dr. Nimmagadda's opinion without seeking a follow-up on the newly developed evidence, as Dr. Nimmagadda's opinion did not consider a large portion of Plaintiff's medical treatment.  As such, the decision of the ALJ must be reversed.[2]

## CONCLUSION

For the reasons discussed herein, the Court grants the Plaintiff's motion for summary judgment (Dkt. 29), and denies the Commissioner's motion for summary judgment (Dkt. 30). The court reverses the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

**ENTER:**
**DATED:** 11/4/2016

_____
Susan E. Cox
United States Magistrate Judge

---

[2] Because the Court reverses on this issue, it need not reach the other arguments posited by Plaintiff on appeal.